IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cr. No.:  22-2009-JCH |
| **VICTOR MUNOZ**, | ) ) ) |
| Defendant. | ) ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully requests that this Court sentence Defendant Victor Munoz ("Munoz") to eight (8) months imprisonment, the low-end of his guideline range.   In support, the United States provides:

## PROCEDURAL HISTORY

On June 3, 2022, the United States filed a complaint alleging that Munoz escaped from custody in violation of 18 U.S.C. § 751(a).   (Doc. 1.)   On December 12, 2022, after temporarily waiving his Grand Jury rights, Munoz pleaded guilty to an Information charging escape. (Inform. (Doc. 21); Plea Agree. (Doc. 24).)   On January 27, 2023, the United States Probation Office filed a Presentence Investigation Report ("PSR") and calculated Munoz's guideline imprisonment range as eight-to-fourteen (8-14) months (offense level seven (7) and criminal history category IV).   (Doc. 26 ¶ 65.)

## FACTS[1]

On September 16, 2008, Munoz was sentenced to 130 months imprisonment for bank robbery and use of a firearm in furtherance of a violent crime. (PSR ¶¶ 8, 30.) Then, on November 25, 2009, Munoz pleaded guilty to two more counts of armed bank robbery. (Plea Agree. ¶ 7; *see also* PSR ¶¶ 8, 29.) On July 27, 2010, he was sentenced to 63 months imprisonment and 5 years supervised release. (*Id.*; PSR ¶ 8.) Munoz's sentence was ordered to run consecutive to his already imposed 130-month sentence. (PSR ¶ 8; Plea Agree. ¶ 7.)

On March 16, 2022, Munoz was placed at the Dismas Charities Diersen Residential Reentry Center (the "Diersen RRC") in Albuquerque to serve the last six months of his custodial sentence. (Plea Agree. ¶ 7; PSR ¶ 10.) Before placement at the Diersen RRC, Munoz executed an Acknowledgement of Custody form that states:

> I understand that I am in the custody of the Attorney General of the United States. I further understand that leaving the RRC without permission of the Center Director or his/her authorized representative, shall be deemed an escape from the custody of the Attorney General.

(Plea Agree. ¶ 7; *see also* PSR ¶ 9.)

On May 23, 2022, Munoz left the Diersen RRC without permission. (Plea Agree ¶ 7; PSR ¶ 11.) Approximately one-week later, on June 1, 2022, Munoz turned himself in. (PSR ¶ 11.)

## ARGUMENT

This Court should impose a sentence of eight months imprisonment, the low-end of Munoz's guideline range. The United States Sentencing Guidelines ("Guidelines") are

---

[1] The United States presents facts as outlined in paragraphs 7-12 of the PSR (*see* Doc. 44) and Munoz's admission of facts in the plea agreement (*see* Doc. 24 ¶ 7).

advisory.  *See United States v. Booker*, 543 U.S. 220, 233 (2005).  A district court cannot presume that a guideline sentence is reasonable and must conduct an analysis using both the guidelines and the sentencing statutes.  *Rita v. United States*, 551 U.S. 338, 347-48 (2007).  However, a reviewing court may presume that a properly calculated guideline sentence is reasonable.  *Id.*

The statutory sentencing factors courts must apply include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)-(D).

I. **The Nature and Circumstances of Munoz's Conduct Weigh in Favor of a Low-End Guideline Sentence**

Munoz left custody while serving significant sentences for robbing three banks with a gun.  (PSR ¶¶ 29-30.)  Munoz's significant length of incarceration (193 months) represents the severity of his underlying conduct.  Despite the seriousness of his crimes, Munoz left the Diersen RRC while knowing that doing so constituted escape.  Munoz's conduct suggests that a guideline sentence is appropriate.  However, Munoz also turned himself in just nine days after his escape.  Although this does not excuse his crime, it does mitigate the seriousness of his conduct and supports a sentence at the low-end of his imprisonment guideline range.

II. **Munoz's History and Characteristics Weigh in Favor of a Low-End Guideline Sentence**

Munoz's history and characteristics demonstrate that a low-end guideline sentence is

appropriate. Munoz has a short, but violent criminal history. He committed three bank robberies over a course of six days. (PSR ¶¶ 29-30.) During each bank robbery he pulled out a gun, pointed it at a teller, threatened them, and demanded money. (*Id.*) This dangerous conduct cannot be overlooked and supports imposition of a guideline sentence. However, Munoz has also evidenced a willingness to improve his circumstances during incarceration that strongly supports a low-end guideline sentence. Munoz has completed 48 educational courses including a drug education course. (*Id.* ¶¶ 29, 56.) Munoz's willingness to participate and complete these courses suggests that Munoz genuinely desires to better himself both personally and professionally. It also suggests that Munoz wishes to cease criminal activity despite this instant offense.

### III. A Low-End Guideline Sentence Will Sufficiently Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and Protect the Public

Munoz escaped from custody during incarceration for violent felonies. There must be punishment following this conduct to promote Munoz's and others' respect for the law. It is also important for Munoz and other inmates to understand that they will be punished for leaving custody even if they reside at an RRC rather than a traditional prison. Eight months imprisonment is sufficient to impress upon Munoz and others that such conduct cannot and will not be overlooked.

A low-end eight-month term of imprisonment will also sufficiently protect the public. While Munoz's violent history cannot be ignored, neither can his demonstrated willingness to better his circumstances while incarcerated, and decision to quickly turn himself in and admit to wrongdoing. Furthermore, there is nothing to suggest that Munoz attempted to or engaged in further criminal activity during his nine days out of custody. Thus, a sentence greater than eight

months imprisonment in unnecessary.

**IV.     A Guideline Sentence Is Appropriate to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Acts**

A sentence within Munoz's guideline range is a reasonable approach to prevent unwarranted sentencing disparities between similarly situated defendants. The Guidelines have set a range of eight to fourteen months imprisonment for a defendant with Munoz's criminal history and who escaped from custody.   Considering the factors set forth in 18 U.S.C. § 3553(a), a sentence of eight months, the low-end of Munoz's guideline range, is "sufficient, but not greater than necessary, to comply with the [sentencing goals]." *Id.*

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court sentence Munoz to a term of eight months imprisonment, the low-end of his guideline range.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney


/s/ *Patrick E. Cordova*
Patrick E. Cordova
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 12, 2023, I filed the foregoing document electronically through the CM/ECF system, which caused the forgoing to be served on all counsel of record.

/s/ *Patrick E. Cordova*
Patrick E. Cordova
Assistant United States Attorney